## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**DARA BRAUD**,

VS.                                                                CIVIL ACTION No._____

**LIBERTY LIFE ASSURANCE COMPANY**
**OF BOSTON**, plan administrator
America Styrenics LLC Formerly known as
DOW CHEMICAL COMPANY
LONG TERM DISABILITY PLAN, and
LIBERTY MUTUAL INSURANCE COMPANY

---

### COMPLAINT FOR DECLARATION OF RIGHT TO BENEFITS AND FOR RECOVERY OF BENEFITS

NOW COMES, DARA BRAUD, through undersigned counsel, and pursuant to

And for her complaint against the defendants, moves as follows:

### JURISDICTION

1.     The United States District Court for the Middle District of Louisiana has jurisdiction over

this matter pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the

United States, specifically 29 U.S.C. § 1132, the Employee Retirement Income Security Act of

1974 (ERISA).

2.     This Court has subject jurisdiction of this matter under 29 U.S.C. § 1132(e).

3.      Venue properly lies in the Middle District.

### NATURE O
### F THE CASE

4.     This is a complaint brought by a private citizen, Dara Braud who files this Complaint  for

Review of denial of her long term disability benefits under the Employee Retirement Income

Security Act of 1974 (ERISA) regarding the terms of an employee benefit plan and breach of

fiduciary duties, for the purpose of compelling defendants to provide certain disability insurance

1

benefits in amounts and at the coverage levels promised and for an accounting, recovery of damages, costs and attorney fees incurred as a consequence of defendants breaches of their obligations and duties under ERISA as detailed herein.

## PARTIES

**5.**      Plaintiff, Dara Braud is of full age and majority, and resides in the Middle District of Louisiana.

6.      Defendant, America Styrenics, LLC  who is a successor of Dow Chemical Long term Disability Plan is a sponsor of the "employee benefit plan" within the meaning of 29 U.S.C. § 1002(1).

7.      Defendant Liberty Life Assurance Company of Boston is a foreign insurance company, authorized to sell insurance in Louisiana.

8.      Defendant Liberty Mutual Insurance Company is a foreign insurance company, authorized to sell insurance in Louisiana.

## GENERAL ALLEGATIONS

9.      At all relevant times, Plaintiff was a participant , as defined by ERISA § 3(7), 29 U.S.C. 1002(7), in the defendant, America Styrenics, LLC Long Term Disability Plan(' the plan") sponsored by America Styrenics to its eligible employees, including plaintiff, administered by an insurance policy issued to Dara Braud by Liberty Mutual Insurance Company.

10.      The Plan provides long-term disability benefits to qualified participants who are employees of America Styrenics, LLC.

11.      At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. 1002(1), sponsored by America Styrenics, LLC and funded by a policy issued to Dara Braud by Liberty Mutual Insurance.

.

**12.**     At all relevant times, Liberty Life was the fiduciary of the Plan within the meaning of

ERISA § 3(21), 29 U.S.C. 1002(21), in that Liberty Life acted as plan administrator as a claims

fiduciary for the plan and exercised authority and control over the payment of long term

disability benefits, which are assets of the plan. Liberty Life functioned as plan administrator for

claims procedures purposes.

13.     Plaintiff is a "participant," within the meaning of 29 U.S.C. § 1002(7), of the Plan.

14.     Plaintiff is a "beneficiary," within the meaning of 29 U.S.C. § 1002(8), of the Plan.

15.      The Plan pays long-term disability benefits to participants and/or beneficiaries who

are "totally disabled" within the meaning of the Plan.

## FACTS

**16.**     Plaintiff, **D**ara Braud was employed full time as an operator for America Styrenics, LLC

formerly known as Dow Chemical when she was out on leave due to complications from knee

surgery.

**17**.     On or about June of 2013, Plaintiff sustained a left knee injury became disabled within
the meaning of the Liberty Mutual Short-Term Disability Plan.  Because of this injury she was
unable to perform all of the material and substantial duties of her own job at her pre-disability
regular schedule.

**18**     The plaintiff has been diagnosed with the following medical conditions:

    a. Dysfunction of major joints-right ankle and total knee replacement;
    b. disorders of the back and spine;
    c. bilateral osteoarthritis of the hands,
    d. obesity, (BMI) over 40
    e. fibromyalgia,
    f. anxiety
    g. depression and
    h. bipolar disorder

19.     Plaintiff underwent debridement of her lateral meniscus due to a tear, but did not heal

well after the procedure. Due to her inability to return to work and in accordance with her

employment contract with America Styrenics LLC, the plaintiff applied for long term disability benefits which were approved.

20.     Mrs. Braud's benefits was suspended as of April 23, 2015. However by letter dated June 24, 2015, her benefits were reinstated upon being provided updated records. Benefits were reinstated dating back to April 23, 2015, the date of termination.

19.     On a basis of a medical records review , the plaintiff's long term disability were terminated again.

20.     On plaintiff's behalf, the undersigned submitted an administrative appeal on behalf February 19, 2015, which included updated statements from plaintiff's treating physician, Dr. Copple confirming the continuation of plaintiff's disability, together with medical documentation and correspondence from the plaintiff's caregiver and a former co-worker.

21.     On March 1, 2016, plaintiff's claim was again denied based on that the Plan determined through their review that plaintiff was no longer disabled.

22.      On March 30, 2016, plaintiff filed an administrative appeal with the United States Department of Labor, employee Benefits Security Administration.

## STATEMENT OF CLAIMS

23.     Plaintiff is disabled within the meaning of the Plan and has been continuously eligible and entitled to receive long-term disability benefits under the Plan since November 29, 2013.

24.      By denying Plaintiff long-term disability benefits despite her continuing eligibility to receive those benefits, Defendants violated the terms of the Plan and denied Plaintiff her rights under the Plan.

25.     Because it was both decision-maker and the payor with respect to Plaintiff's claim for long-term disability benefits, Defendant Liberty Life Assurance Company of Boston had a

conflict of interest.

26.     Thus instead of acting as a fiduciary toward the Plaintiff, Defendant Liberty Life Assurance Company of Boston acted as an adversary toward the Plaintiff, bent on denying her claim.

**27.**     Defendant Liberty Life Assurance Company of Boston's conflict of interest affected its management of Plaintiff's claim for long-term disability benefits and was a reason for its denial of her application for benefits.

28.     At all times material, Defendant Liberty Mutual Life Insurance Company should have been acting as a fiduciary in the administration of Plaintiff's claim for long-term disability benefits.

**29.**      Rather than acting as a fiduciary and fulfilling their fiduciary duty toward the Plaintiff, Defendant Liberty Mutual Life Insurance Company acted as an adversary toward the Plaintiff, denying her claim.

**30.**     Plaintiff has exhausted all her administrative remedies under the Plan.

## COUNT ONE

Claim for benefits pursuant to ERISA §502 (a)(1)(B),
29 U.S.C. § 1132(a) (a)(1)(B),against defendants

**31**. Plaintiffs incorporate herein by reference the allegations of Paragraphs 1 through 30 as though fully set forth.

32.     ERISA § 502(a)(1)(B) provides a federal cause of action for a plan participant or beneficiary to "recover benefits due to him," "enforce his rights," or "clarify his rights to future benefits" under the terms of the plan.  29 U.S.C. § 1132(a) (1) (B), ERISA § 502.

33.     The failure to pay full disability benefits owed plaintiff as described above are in direct violation of the terms of the plan.

35.     The Plan has failed to pay disability benefits to plaintiff despite the recommendations of her physicians and her disabling medical conditions.

36.     Liberty Mutual decided to totally ignore the medical opinion of the treating physicians. The medical opinions of the physician or physicians shall resolve the issue as to the individual's condition.  Provided they are consistent, such opinions shall be binding upon the Employee Benefits insurer which, following receipt thereof shall render its findings in accordance with such opinions.

37.     The failure and refusal of the Plan to pay the benefits owned Plainitff under the plan is a breach of the terms of the Plan's provisions.

38.     Additionally, the failure of the Plan to properly and thoroughly investigate Plaintiff's claim in the manner required by EIRSA's fiduciary and claim procedures is arbitrary and capricious.

39.     The actions of the Plan have caused damage to plaintiff in the form of the termination of her claim for long term disability benefits.

40.     In addition, because as a long term employee, plaintiff was eligible for retirement but as a result of the Plan's failure to properly investigate plaintiff's claim, plaintiff was terminated from her employment, losing her pension benefits, medical benefits and other benefits provided to her by her employment.

41.     As a result, plaintiff became depressed almost suicidal because she could not afford the basic necessities needed for basic life needs.

**COUNT TWO**

(The Plan was arbitrary and capricious in terminating long term disability benefits)

**42**.     Plaintiffs incorporate herein by reference the allegations of Paragraphs 1 through 41 as though fully set forth.

**43.**     The award and findings of the Social Security Administration using the same evidence is "not binding" on the plan it is nevertheless compelling evidence of Mrs. Braud's disability since the claimant became disabled while she was covered by the plan

**44**.     Plaintiff avers that the file should be reviewed de novo without giving any credence to the reviewing examiner's conclusion.

**45.     A** MRI of the plaintiff's cervical spine taken in December 2012 revealed diffuse spondylosis and another MRI the following year showed disc bulges and facet arthropathy throughout the lower thoracic and lumbar spine. Another MRI showed possible additional tearing of the knee.

**46.**     The plaintiff had total knee replacement in October of 2013.

**47.**     Despite this and a myriad of other medical problems that will be shown from the records, Liberty Mutual denied Long term disability benefits.

**48.**     Liberty Mutual was under a conflict of interest as claims decision-maker and payer of benefits. As such, the company had a "clear incentive" to find consultants who are "inclined to find" that claimants are not disabled.  Upon information and belief, nearly all of the records-reviewers chosen by Liberty Mutual were under regular contract or had a business relationship with the company. There was no independent review of the file.

49.     Without any income and no medical benefits due to her denial, Liberty Mutual required plaintiff to get additional medical treatment at her expense. The doctors who previously treated plaintiff were too expensive without insurance. Plaintiff applied for Medicaid and was admitted to St. Elizabeth Hospital emergency room several times due to her NOT having any medical insurance.

**50**. Plaintiff was denied because she did not had any updated medical records to submit to Liberty Mutual to appeal her denial. This requirement and request by Liberty Mutual was arbitrary and was a standard that plaintiff cannot meet.

## PRAYER FOR RELIEF

**51**.    Plaintiff prays for entry of judgment as follows:

**52**.    That this Court declare that Plaintiff is disabled within the meaning of the Plan, and has been eligible and entitled to receive long-term disability benefits under the Plan since December 23, 2013.

**53.**    That this Court declare that Defendants, by denying Plaintiff long-term disability benefits, violated the terms of the Plan and denied Plaintiff her rights under the Plan;

**54.**    That this Court order the Defendants to pay Plaintiff all long-term disability benefits accrued and unpaid at the time of trial, together with interest;

**55**.    A full and accurate accounting by defendants of all computations for plaintiff's employee benefits, in sufficient specific so that Plaintiff may ascertain that her benefits are being paid accurately including all interest on all unpaid benefits.

**56**.    That this Court award Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

**57**.    That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

**DATED this 28th of February**

Respectfully Submitted:
/s/ Paulette Porter LaBostrie
Louisiana Bar Roll Number: 22098
Attorney for Dara Braud
Post Office Box 626
Geismar, LA 70734
(225) 926-8884
lawsuitheaven@yahoo.com